1 | PAUL W. REIDL (State Bar No. 155221)
Law Office of Paul W. Reidl
2 | Second Floor
241 Eagle Trace Drive
3 | Half Moon Bay, CA 94019
(650) 560-8530
4 | paul@reidllaw.com

5 | *Attorney for RetailMeNot, Inc.*

6 | **UNITED STATES DISTRICT COURT**

7 | **NORTHERN DISTRICT OF CALIFORNIA**

8 |

9 | **RETAILMENOT, INC.,**

10 | a Delaware Corporation

Plaintiff,

11 |

v.

12 | **SOCIAL MAIL, LLC,**

13 | a California Limited Liability Company,

14 | and

15 | **ANKESH KUMAR,**

16 | individually and doing business as

17 | EmailMeNot.com,

Defendants.

18 |

Case No.

**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS, INFRINGEMENT, FALSE ASSOCIATION, UNFAIR COMPETITION, COPYRIGHT INFRINGEMENT AND RESTITUTION FOR UNJUST ENRICHMENT**

19 | Plaintiff RetailMeNot, Inc., for its Complaint against Defendants, Social Mail, LLC and Ankesh

20 | Kumar, alleges the following on information and belief:

21 | **JURISDICTION**

22 | 1. This is an action for infringement of Federally registered trademarks under the Lanham

23 | Act, 15 U.S.C. § 1051 *et seq.*, false association under the Lanham Act, infringement of an unregistered

24 | mark under the Lanham Act, trade dress infringement under the Lanham Act, common law trademark

1   and trade dress infringement, copyright infringement under the Copyright Act, 17 U.S.C. § 1, and for

2   restitution for unjust enrichment.

3          2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 (a), 1400

4   (a), and 15 U.S.C. § 1121, and supplemental jurisdiction pursuant to 28 U.S.C. §§1338 (b) and 1367

5   (b).  Acts giving rise to the claims asserted herein have been expressly aimed at, have occurred in, and

6   will continue to occur in California and this District.

7                                              **VENUE**

8          3.      Venue properly lies within this District pursuant to 28 U.S.C. § 1391.  This is an

9   intellectual property action and therefore should be assigned on a district-wide basis per Local Civil

10  Rule 3-2(c).

11                                           **THE PARTIES**

12         4.      Plaintiff RetailMeNot, Inc. ("RetailMeNot") is a Delaware corporation with its principal

13  place of business in Austin, Texas. Among other things, it is in the business of aggregating digital

14  offers (*e.g.,* digital coupon codes, discounts and rebates), on its websites and through its apps, and

15  distributing e-mails notifying subscribers of those digital offers.  It has customers throughout the United

16  States, California and this District.

17         5.      Social Mail, LLC ("Social Mail"), is a California limited liability company with its

18  principal place of business in Palo Alto, California.  Among other things, it is in the business of

19  aggregating digital offers on its websites and through its app.  It has customers throughout the United

20  States, California and this District.

21         6.      Ankesh Kumar ("Kumar") is the owner of Social Mail and the owner of a website

22  EmailMeNot.com.  His principal place of business is in Palo Alto, California.  Among other things, he

23  is in the business of aggregating digital offers on his website.  He has customers throughout the United

24  States, California and this District.

1

## BACKGROUND

2    7.    The RetailMeNot website, published at www.retailmenot.com, has been in continuous

3    business since 2006.  Through its investment in infrastructure and promotion of its products and

4    services to consumers, RetailMeNot has become the world's largest marketplace for digital offers.  It

5    is the leading digital savings destination connecting consumers with retailers, restaurants and brands,

6    both online and in-store. The company enables consumers across the globe to find hundreds of

7    thousands of digital offers to save money while they shop or dine out.

8    8.    The level of commerce directed through RetailMeNot's marketplace is staggering.

9    During 2015, it had over 718 million visits to its websites.  It also averaged 23.2 million mobile unique

10   visitors per month during the three months ended December 31, 2015.  It estimates that approximately

11   $4.8 billion in retailer sales were attributable to consumer transactions from paid digital offers in its

12   marketplace in 2015, more than $600 million of which were attributable to its in-store solutions.  It

13   offers more than 500,000 digital offers and discounts for 50,000 retailers to its customers.  Its email

14   newsletter has more than 42 million subscribers.

15   9.    RetailMeNot owns the following United States trademark registrations:

| Trademark | Registration No. | Goods/Services |
|---|---|---|
| RETAILMENOT | 3935181 | Retail and wholesale services, namely, online retail and wholesale store services featuring coupons; advertising services, namely, providing a website which brings together and displays discount coupons and discount vouchers and shopping related information of third parties; compilation and systemization of information into computer databases; dissemination of advertising for others online; providing advertising space online; providing computer databases allowing users to search databases featuring the goods or services of others online. (Class 35). |
| RETAILMENOT | 4349251 | Downloadable software and downloadable mobile applications featuring discounts, offers, deals, |

| Trademark | Registration No. | Goods/Services |
|---|---|---|
| | | coupons, vouchers, promotional codes, promotional contests, rebates, price comparison information, product reviews, links to the retail websites of others, and shopping-related information; downloadable software and downloadable mobile applications allowing users to search databases featuring information on the goods and services of others that is linked to keywords, phrases or icons; downloadable software and downloadable mobile applications allowing users and/or merchants to find, collect, edit, organize, modify, bookmark, transmit, store, search, publish, distribute, and share data and information in the fields of coupons, deals, and discount shopping; downloadable software and downloadable mobile applications allowing users to search databases featuring discounts, offers, deals, coupons, vouchers, promotional codes, promotional contests, rebates, price comparison information, product reviews, links to the retail websites of others, and shopping-related information; downloadable software that provides web-based access to applications and services through a web-operating system or portal interface. (Class 9).<br><br>Telecommunications services, namely, electronic transmission of data and digital messaging via mobile handheld devices and via wired and wireless communication devices; telecommunications services, namely, electronic transmission of messages, text, multimedia content, videos, audio, animation and images via a global computer network; providing online communications links which transfer website users to other websites; providing online forums, chat rooms and electronic bulletin boards for transmission of messages among users in the fields of coupons, deals, and discount shopping; providing access to computer, electronic and online databases; audio and video broadcasting services over the Internet, namely, electronically transmitting data, audio and video; providing access to computer databases in the fields of coupons, deals, and discount shopping; providing access to computer databases in the fields of coupons, deals, and discount shopping. (Class 38). |

| Trademark | Registration No. | Goods/Services |
|---|---|---|
| RETAILMENOT | 4349252 | Providing online electronic magazines in the field of information regarding merchants, coupons, vouchers, promotional codes, rebates, price comparisons, product reviews, offers, deals, discounts, and shopping-related information for the goods and services of others; providing online journals, namely, blogs in the field of information regarding merchants, coupons, vouchers, promotional codes, rebates, price comparisons, product reviews, offers, deals, discounts, and shopping-related information for the goods and services of others; providing online electronic newsletters in the field of information regarding merchants and coupons, vouchers, promotional codes, rebates, price comparisons, product reviews, offers, deals, discounts, and shopping-related information for the goods and services of others; providing online videos in the field of information regarding merchants, coupons, vouchers, promotional codes, rebates, price comparisons, product reviews, offers, deals, discounts, and shopping-related information for the goods and services of others; arranging and conducting contests and sweepstakes in the fields of coupons, deals, and discount shopping. (Class 41). |
| RETAILMENOT | 4349253 | Providing non-downloadable software in the nature of online interactive applications which allow third parties to find, collect, edit, organize, modify, bookmark, transmit, store, search, publish, distribute, and share data and information relating to the goods and services of others, namely, information regarding merchants, coupons, vouchers, promotional codes, rebates, price comparisons, product reviews, offers, deals, discounts, and shopping-related information for the goods and services of others; computer services, namely, creating an on-line community for registered users to share information and resources in the fields of coupons, deals, and discount shopping; providing a search engine in the field of information regarding merchants, coupons, vouchers, promotional codes, rebates, price comparisons, product reviews, offers, deals, discounts, and shopping-related information for the |

| Trademark | Registration No. | Goods/Services |
|---|---|---|
| | | goods and services of others; providing online, non-downloadable software for use in displaying information and advertisements of others that are linked to keywords, phrases or icons; providing a web site featuring temporary use of non-downloadable software allowing web site users to upload, post and display online videos for sharing with others for entertainment purposes. (Class 42). |
| RETAILMENOT | 4349254 | Internet-based social networking services; social networking services at which third parties can view, find, collect, edit, organize, modify, bookmark, transmit, store, search, publish, distribute, and share data and information relating to coupons, deals, and discount shopping. (Class 45). |
|  | 4349255 | Online advertising and promotion services; promoting the goods and services of others via a global computer network; dissemination of advertising for others via an online electronic communications network; providing an online commercial information directory; providing a searchable online guide featuring information regarding merchants and coupons, vouchers, promotional codes, rebates, price comparisons, product reviews, offers, deals, discounts, and shopping-related information for the goods and services of merchants; promoting the goods and services of others through online promotional contests; promoting the goods and services of others by providing websites and interactive online applications featuring links to the commercial websites of others; promoting the goods and services of others by providing websites and interactive online applications featuring information regarding merchants and coupons, vouchers, promotional codes, rebates, price comparisons, product reviews, offers, deals, discounts, and shopping-related information for the goods and services of others; advertising the goods and services of others via a global computer network, namely, providing information regarding merchants and coupons, vouchers, promotional codes, rebates, price comparisons, product reviews, offers, deals, discounts, and shopping-related information for the |

| Trademark | Registration No. | Goods/Services |
|---|---|---|
| | | goods and services of others; advertising services, namely, providing websites and interactive online applications which bring together and display coupons, vouchers, promotional codes, rebates, price comparisons, product reviews, offers, deals, discounts, and shopping-related information and shopping-related information for the good and services of others. (Class 35). |

10.     Each of these trademark registrations is valid and subsisting.  Incontestability status is on file for Registration No. 3935181.

11.     RetailMeNot also owns valuable common law rights in each of these trademarks for the goods and services specified in the registrations.

12.     As a result of the widespread promotion and use of these trademarks, they have become highly distinctive of RetailMeNot's goods and services and well-known among consumers.   The RetailMeNot trademark is a strong trademark that is entitled to the broadest scope of protection.

13.     The primary business model of RetailMeNot is to generate "clicks" by consumers on the digital offers, either through its app or website.  When a consumer clicks on a digital offer and subsequently purchases goods from the retailer's website, RetailMeNot receives a commission from the retailer.  The more consumers that click and subsequently purchase, the greater the revenues generated by the commissions.

14.     From the consumer's standpoint, the selection of a digital offer is often an impulse decision.  The consumer desires to make a purchase from a specific retailer and is looking for a digital offer that will reduce the cost.  It is therefore critically important for RetailMeNot and others in the business to "capture" a consumer so that the consumer becomes a loyal user and returns to the website every time he or she shops. RetailMeNot does this, in part, by investing heavily in advertising so that

1  consumers who are looking for digital offers will think of it first.  It also has a U.S. sales force of

2  approximately forty employees who are focused on securing exclusive rights to publish digital offers

3  from retailers.   As a result, RetailMeNot has the largest variety of retailer digital offers of any

4  competitor, featuring over 500,000 different digital offers for 50,000 different retailers, and regularly

5  e-mails its subscribers with the latest digital offers.

6      15.    The top portion of the home page for www.retailmenot.com is provided below:



COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS, INFRINGEMENT,
FALSE ASSOCIATION, UNFAIR COMPETITION, COPYRIGHT INFRINGEMENT AND
RESTITUTION FOR UNJUST ENRICHMENT

16.     Social Mail operates a website at www.socialmail.com.  The website provides digital offers for retailers.  It also provides click-through links to the websites of retailers.  On information and belief, Social Mail, like RetailMeNot, is paid a commission when users click on its digital offers and subsequently purchase from retailers.

17.     In late 2015, Defendants embarked on a scheme to free-ride on the goodwill of RetailMeNot.  They launched a website, www.emailmenot.com, using an EmailMeNot mark.  Like the RetailMeNot website, Defendants' website aggregates digital offers from retailers.  It also provides click-through links to the websites of retailers.   On information and belief, EmailMeNot, like RetailMeNot, is paid a commission when users click on its digital offers subsequently purchase from retailers.  The website also invites consumers to download its app for this service, which is, in fact, the Social Mail app.

18.     This scheme was furthered by designing the EmailMeNot website to look like RetailMeNot's website.  A consumer on impulse looking for a digital offer from RetailMeNot and who mistakenly went to the EmailMeNot site would see a site that looked remarkably similar to RetailMeNot's site.  As illustrated below, the top of the site has a bar with the highly similar logo on the left and a search engine on the right.  Below it are three rectangular, color boxes in the nature of retailer offers.  Below that is a smaller line of offers, and below that is a series of larger boxes containing retailer offers just like on the RetailMeNot website.  This is depicted below:

//




19.     This scheme was furthered by the unauthorized copying of almost one thousand RetailMeNot e-newsletters and placing them on the Social Mail or EmailMeNot websites. This is depicted below:

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21



22      20.    In adopting its EmailMeNot trademark and engaging in these activities, Defendants

23  deliberately and intentionally targeted RetailMeNot's business, its brand and its goodwill.  Defendants

24  were on statutory, if not actual, notice of RetailMeNot's trademark before they began using the

EmailMeNot mark.   They deliberately targeted RetailMeNot and its valuable trademark by appropriating the trademark and its goodwill with full knowledge that RetailMeNot owns the trademark rights to the term for these services, and that it is of great value to RetailMeNot because the trademark has a tremendous amount of consumer goodwill attached to it.   Defendants specifically targeted RetailMeNot with the intention of free-riding on the brand recognition, goodwill, investment and success of RetailMeNot's brand.   Defendants willfully, deliberately and knowingly adopted and used RetailMeNot's trademark for the purpose of promoting their competing service, attracting new customers and diverting revenues from RetailMeNot.   The whole point of Defendants' conduct is to confuse consumers who are acting on impulse to think that they are using and subscribing to the services of RetailMeNot when, in fact, they are not, to dupe them into downloading the Social Mail app so that all future coupons would be acquired through its site, and to compete unfairly with RetailMeNot by causing great harm, injury, and damage to RetailMeNot and its valuable brand in the process. The harm and damage will only increase over time as Defendants expand their business and on-line presence.

21.    Upon learning of these activities, RetailMeNot contacted Defendants and asked that they cease their infringing conduct. Defendants stated their conduct was lawful and refused to stop.

**CLAIM ONE**

**(Infringement of a Federally Registered Trademark, 15 U.S.C. § 1114)**

22.    The allegations of Paragraphs 1-21 of this Complaint are hereby incorporated by reference.

23.    Defendants began using the EmailMeNot trademark in connection with its services without authorization from RetailMeNot. The Defendants' trademark is highly similar to RetailMeNot's registered trademarks.   The trademarks are used on nearly identical goods and in connection with identical services.   In the normal course of trade the goods and services would be

provided and promoted to the same consumers in the same channels of trade.  Consumers seeking RetailMeNot's services and who look for it on the internet are likely to become initially interested in Defendants' services because they have a highly similar trademark and trade dress in an impulse purchase situation.  Consumers who see Defendants' trademark are likely to believe mistakenly that the goods and services originate with, are licensed by or are otherwise associated or affiliated with RetailMeNot.  This unauthorized use of the RetailMeNot trademark by Defendants creates a likelihood of confusion and constitutes an infringement of RetailMeNot's trademarks under 15 U.S.C. §§ 1051 *et seq.*

24.     RetailMeNot has been and will be injured by Defendants' use and promotion of its trademark.  The use of a highly similar mark on highly similar goods will undermine if not destroy the goodwill in RetailMeNot's trademark and cause damage and injury to it. It will harm RetailMeNot's business reputation and goodwill and decrease its business and profits.

25.     Defendants' infringing conduct is willful, intentional and in bad faith.  They were aware of RetailMeNot's registered trademark prior to adopting their trademark and therefore had an opportunity to change their mark prior to the launch of their services.  Notwithstanding this knowledge and opportunity, Defendants made a conscious decision to proceed with their scheme to appropriate the goodwill in RetailMeNot's trademark.

**WHEREFORE**, RetailMeNot prays for relief as set forth below.

### CLAIM TWO

### (Federal Infringement of an Unregistered Trademark, 15 U.S.C. § 1125)

26.     The allegations of Paragraphs 1-25 of this Complaint are hereby incorporated by reference.

27.     RetailMeNot owns valuable unregistered common law trademark rights in its RETAILMENOT trademark for these goods and services. It and its predecessors began using this mark

1    for these goods and services in the United States and California in 2006.  This was long prior to

2    Defendants' use of their mark on the identical goods and services.

3         28.    The aforementioned acts are likely to confuse consumers into mistakenly believing that

4    the goods and services provided by Defendants originate with RetailMeNot and are authentic goods of

5    RetailMeNot. This constitutes infringement of an unregistered mark under 15 U.S.C. § 1125.

6         29.    These acts are willful and deliberate.

7         30.    As a direct consequence of these unlawful acts and practices, RetailMeNot has suffered,

8    and will continue to suffer, damage to its business, reputation and goodwill, for which it is entitled to

9    relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

10        **WHEREFORE,** RetailMeNot prays for relief as set forth below.

11                                    **CLAIM THREE**

12        **(Federal Infringement of Unregistered Trade Dress, 15 U.S.C. § 1125)**

13        31.    The allegations of Paragraphs 1-30 of this Complaint are hereby incorporated by

14    reference.

15        32.    RetailMeNot owns valuable unregistered common law trade dress rights in the look and

16    feel of its website for use with digital offers and related advertising services.  It began using this trade

17    dress for these goods and services in the United States and California long prior to Defendants' use on

18    and in connection with the identical goods and services.

19        33.    The aforementioned acts are likely to confuse consumers into mistakenly believing that

20    the goods and services provided by Defendants originate with RetailMeNot.  This constitutes

21    infringement of an unregistered mark under 15 U.S.C. § 1125.

22        34.    These acts are willful and deliberate.

23

24

35.     As a direct consequence of these unlawful acts and practices, RetailMeNot has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which it is entitled to relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**WHEREFORE,** RetailMeNot prays for relief as set forth below.

## CLAIM FOUR

### (False Designation of Origin, 15 U.S.C. § 1125)

36.     The allegations of Paragraphs 1-35 of this Complaint are hereby incorporated by reference.

37.     The term RetailMeNot uniquely identifies the Plaintiff, and no one else has used it for identical or similar goods or services.  RetailMeNot began using this term for these goods and services in the United States and California long prior to Defendants' use on and in connection with the identical goods and services.

38.     The aforementioned acts are likely to confuse consumers into mistakenly believing that the goods and services provided by Defendants originate with RetailMeNot.  This constitutes a false designation of origin under 15 U.S.C. § 1125.

39.     These acts are willful and deliberate.

40.     As a direct consequence of these unlawful acts and practices, RetailMeNot has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which it is entitled to relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**WHEREFORE,** RetailMeNot prays for relief as set forth below.

## CLAIM FIVE

### (California Unfair Competition, B & P § 17200)

41.     The allegations of Paragraphs 1-40 of this Complaint are hereby incorporated by reference.

42.     Defendants' conduct as alleged above constitutes unfair, unlawful, and fraudulent business practices in violation of California Business & Professions Code §17200 *et seq.*, in that Defendants' use of Plaintiff's trademark, trade dress, and the false and deceptive representations as to association, are likely to cause consumers to believe that Defendants' goods and services that exist and are marketed and sold and provided in the same sales channels to the same consumers, are related to Plaintiff's goods and services. Plaintiff and Defendants are in direct competition as they advertise and offer for sale the same goods and services to the same target customers, and operate in the same advertising space.

43.     As a direct and proximate result of the unfair and illegal conduct and representations to consumers and the public by Defendants, and each of them, as herein alleged, Plaintiff has suffered direct injury and damage because commission revenue has been diverted to Defendants in an amount which has not yet ascertained. These wrongful acts have proximately caused and/or will continue to cause Plaintiff substantial injury, including confusion in the marketplace, wrongful association, injury to their reputation, direct economic loss, and diminution in value of their trademarks and trade name. These actions are causing imminent irreparable harm and injury to Plaintiff.

44.     As a result of Defendants' wrongful conduct, Plaintiff is entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of their wrongful acts as hereinabove alleged and said amounts should be disgorged and restitution made to Plaintiff.

**WHEREFORE,** RetailMeNot prays for relief as set forth below.

## CLAIM SIX

### (Federal Copyright Infringement, 17 U.S.C. § 1 et seq.)

45.     The allegations of Paragraphs 1-44 of this Complaint are hereby incorporated by reference.

1       46.     RetailMeNot owns copyrights in its newsletters.  Copyright registration applications are

2   on file with the United States Copyright Office.

3       47.     Beginning in the fall of 2014, Defendants began copying Plaintiff's email newsletters

4   and posting them on their Social Mail and EmailMeNot websites.  This was done without Plaintiff's

5   permission and for the commercial purpose of promoting Defendants' goods and services.  Each such

6   e-mail newsletter contained an assertion of copyright over it.

7       48.     Defendant Kumar personally directed this copying, was aware of it, controlled it, and

8   approved of it.  He knew that Plaintiff had not given its permission for the copying.

9       49.     Defendants' infringements are willful, knowing and intentional.

10      50.     By   copying,   distributing,   displaying,   publishing,   and   otherwise   exploiting

11  RetailMeNot's copyrighted creative works for commercial purposes without permission, Defendants

12  infringed Plaintiff's copyrights in the creative works identified herein and caused Plaintiff significant

13  injury, damages, and loss in an amount to be determined at trial.

14      **WHEREFORE,** RetailMeNot prays for relief as set forth below.

15      **CLAIM SEVEN**

16  **(Federal Contributory and Vicarious Copyright Infringement, 17 U.S.C. § 1 et seq.)**

17      51.     The allegations of Paragraphs 1-50 of this Complaint are hereby incorporated by

18  reference.

19      52.     On information and belief, Defendant Kumar copied Plaintiff's creative works without

20  license or permission from RetailMeNot and then caused those works to appear on the Social Mail and

21  EmailMeNot websites despite knowing that he lacked a license for such uses.

22      53.     Defendant Kumar is the true person primarily responsible for the content of the Social

23  Mail website and exercised control over the content of the Social Mail website.

24

54.     Defendant Kumar materially contributed to, facilitated, induced or is otherwise responsible for the directly infringing acts carried out by Social Mail LLC.

55.     Defendant Kumar exercised control over the content of the Social Mail and EmailMeNot websites and had the ability to prevent Social Mail LLC from copying and publishing Plaintiff's works.  When Social Mail LLC published Plaintiff's works it was acting at the direction and at the behest on behalf of for, and under the control of Defendant Kumar.

56.     Defendant Kumar obtained financial benefits from the infringements of Social Email LLC.  He was aware of its use of Plaintiff's works and that it lacked a license to use them.

57.     Defendant Kumar enabled the infringement of Social Mail and without his misconduct Social Mail would not have infringed Plaintiff's copyrights.

58.     Defendant Kumar's infringement was willful, knowing, and intentional.

59.     Defendant Kumar has infringed Plaintiff's copyrights in the creative works identified herein and caused Plaintiff significant injury, damages, and loss in an amount to be determined at trial.

**WHEREFORE,** RetailMeNot prays for relief as set forth below.

### CLAIM EIGHT

### (Restitution Based On Unjust Enrichment)

60.     The allegations of Paragraphs 1-59 of this Complaint are hereby incorporated by reference.

61.     As a result of Defendants' conduct, they have been unjustly enriched at the expense of RetailMeNot and the law thereby implies a contract by which Defendants must pay to RetailMeNot the amount by which, in equity and good conscience, they have been unjustly enriched at the expense of RetailMeNot.

**WHEREFORE**, RetailMeNot seeks judgment against Social Mail and Defendant Kumar as follows:

1.     An injunction against Social Mail and Defendant Kumar enjoining any further infringement of RetailMeNot's trademark and trade dress, further acts of unfair competition and false association, and infringement of its copyrights; and

2.     An award of damages for trademark infringement in an amount to be determined at trial; and

3.     An enhancement of the trademark infringement damages award for willful and deliberate conduct as permitted by the Lanham Act; and

4.     An award of statutory damages under the Copyright Act for willful and deliberate copyright infringement for each publication of each newsletter, in the amount of at least $150,000 per infringement; and

5.     Costs of suit, including RetailMeNot's reasonable attorneys' fees; and

6.     An order of remedial advertising as this Court deems just as permitted by the Lanham Act; and

7.     Such further relief as this Court deems just.

**LAW OFFICE OF PAUL W. REIDL**

By: _____

Paul W. Reidl (CA Bar No. 155221)
LAW OFFICE OF PAUL W. REIDL
Second Floor
241 Eagle Trace Drive
Half Moon Bay, CA 94019
(650) 560-8530
paul@reidllaw.com

Dated: April 25, 2016

*Attorney for RetailMeNot. Inc.*